UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 19-56831

CLAUDETTE HARRELL-MANNING,           Chapter 7

        Debtor.                               Judge Thomas J. Tucker
_____/

**ORDER DISMISSING CASE**

On November 27, 2019, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this bankruptcy case, and the Debtor also filed, among other things, a "Certificate of Counseling" (Docket # 3), which stated that on November 27, 2019, "Greg Manning Poa For C[la]udette Harrell-Manning" received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111." On December 9, 2019, the Court entered an order striking that Certificate of Counseling "because the certificate does not indicate that *the debtor* took the credit counseling course." (Docket # 10 (italics added).)

On December 16, 2019, the Debtor filed a document entitled "Durable Power of Attorney," under which, it appears, the Debtor appointed her husband, Greg Manning, as her "Attorney in Fact" (Docket # 13). Then, also on December 16, 2019, the Debtor filed the very same "Certificate of Counseling" that was previously filed and stricken by the Court (Docket # 14). That re-filed Certificate again states that on November 27, 2019, "Greg Manning Poa For C[la]udette Harrell-Manning" received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111." The Certificate says nothing about *the Debtor* having received a credit counseling briefing.

It is insufficient for the Debtor's attorney-in-fact to have obtained the credit counseling briefing. Either the Debtor must personally have obtained such a briefing, on or within 180 days before the petition date, or the credit counseling requirement must be excused, under 11 U.S.C. § 109(h)(4), because of a debtor's "incapacity, disability, or active military duty in a military combat zone." To seek to be excused under § 109(h)(4), the Debtor must file a motion under this Court's local rules 1007-4(c) and 9014-1.

No such motion to excuse the credit counseling requirement was filed.

For these reasons, the Debtor is not eligible to be a debtor in this case under 11 U.S.C. § 109(h)(1). That statute says, in relevant part, that

> an individual may not be a debtor under this title unless such individual has, ***during the 180-day period ending on the date of filing the petition*** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the

>> opportunities for available credit counseling and assisted such
>> individual in performing a related budget analysis.

(emphasis added).

For these reasons, the Court must dismiss the case. But the Court notes that this Order does not preclude the Debtor from filing a new bankruptcy case.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on December 19, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**